Affirmation

# UNITED STATES DISTRICT COURT

for the
District of Delaware

Starr Investments Cayman II, Inc.

     *Plaintiff*

      v.

China MediaExpress Holdings, Inc., Deloitte Touche
Tohmatsu, Zhng Cheng and Jacky Lam
     *Defendant*

)
)
)
)
)
)
)
)

Civil Action No. 11-233 SLR

## AFFIRMATION OF DAVID JOHN HOARE

  I, DAVID JOHN HOARE of 7/F., Ruttonjee House, 11 Duddell Street, Central, Hong Kong hereby solemnly and sincerely affirm as follows:-

1. I am a solicitor of the High Court of the Hong Kong SAR and a Partner in the law firm of Messrs. Haldanes of the above address.

2. Unless otherwise stated, the facts and matters to which I depose in this Affirmation are within my own knowledge and are true, or are true to the best of my knowledge, information and belief, being derived from information and documents given to me, the source of which I shall identify.

3. In April 2011, Haldanes was engaged by Boies, Schiller & Flexner LLP of 575 Lexington Avenue, New York, New York 10022 to serve documents, namely a Summons with copy Complaint attached, apparently issued out of the United States District Court in the District of Delaware in Civil Action No. 11-233, upon two of the Defendants in that action namely Deloitte Touche Tohmatsu ("DTT") and Jacky Lam ("Lam").

1

4. The said documents have been duly served on DTT and Lam as set out below and in accordance with the Rules of the High Court of the Hong Kong SAR.

**Applicable Rules of the High Court**

5. The following Rules of the High Court of the Hong Kong SAR are relevant to service in the present case:-

   Order 10 Rule 1 – General provisions for service of originating process.
   Order 65 Rules 1 and 2 – Provisions for personal service of documents.
   Order 81 Rule 3 – Service upon a partnership.

   There is now produced and shown to me marked **"DJH-1"** a bundle comprising copies of the relevant Rules referred to above.

**Service**

6. There is now produced and shown to me marked **"DJH-2"** a paginated bundle of documents regarding service upon DTT and Lam to which I shall refer below.

*DTT*

7. Page 1 of "DJH-2" is a copy Business Registration Certificate for DTT which identifies DTT as a partnership in business as Certified Public Accountants. Page 2 in "DJH-2" is a copy page from DTT's website identifying the address of DTT's Hong Kong office as 35/F, One Pacific Place, 88 Queensway, Hong Kong SAR (the "DTT Place of Business").

8. Since DTT is a partnership, service of documents is governed by Order 81 Rule 3 of the Rules of the High Court. Service was effected as follows:-

8.1 One original Summons with copy Complaint attached was, on 18th May 2011, sent by Haldanes by registered post to DTT at the DTT Place of Business. Subsequently, the Hong Kong Post Office has sent to Haldanes a receipt bearing the chop of DTT confirming that the document was duly received by DTT on 19th May 2011. I am of the opinion that the Summons will have come to the knowledge of one or more partners of DTT and that service was therefore effective pursuant to Order 81 Rule 3(1)(c) as well as Order 10 Rule 1(2)(a). The date of service is deemed to be the seventh date after the date of posting. A copy Proof of Service completed and signed by me together with copy of the Post Office receipt appears at pages 3 to 4 in "DJH-2".

8.2 Another original Summons with copy Complaint attached was, on 24th May 2011, personally served by an Associate Solicitor of Haldanes, Mr. Derek Cheuk, upon Mr. Peter Fung, a partner of DTT, by delivering the same to Mr. Fung at the DTT Place of Business. I verily believe that service was effective pursuant to Order 81 Rule 3(1)(a) and Order 65 Rule 2. A copy Proof of Service completed and signed by Mr. Cheuk appears at page 5 in "DJH-2".

*Lam*

9. For the purpose of service upon Lam (also known as Lam Wai Kei Jacky), Haldanes engaged enquiry agents, I-On Asia Limited. I am informed by Mr. Ronald Espiritusanto Rivera ("Mr. Rivera") of I-On Asia Limited, and verily believe, that service upon Lam was effected as follows:-

9.1 One original Summons with copy Complaint attached was, on 18th May 2011, personally served by Mr. Rivera upon Lam at Block 3, Flat B, 39th Floor, Island Harbour View, Olympian City, Phase 1, 11 Hoi Fai Road, Tai Kok Tsui, Kowloon, Hong Kong. I verily believe that service was effective pursuant to Order 65 Rule 2. A copy Proof of Service signed by Mr. Rivera appears at page 6 in "DJH-2".

3

9.2 Another original Summons with copy Complaint attached was, on 18th May 2011, sent by Mr. Rivera to Lam by registered post to the same address as referred to in paragraph 9.1 above. A copy Proof of Service signed by Mr. Rivera, together with a copy of the Certificate of Posting, appears at pages 7 - 8 in "DJH-2". Mr. Rivera has also provided me with a copy of a letter from Hong Kong Post dated 26th May 2011 confirming delivery to Lam on 19th May 2011 and attaching a copy Receipt (pages 9 to 10 in "DJH-2"). I am informed by Mr. Rivera and verily believe that the signature on the bottom left of the Receipt is that of Lam. I am of the opinion that the Summons will have come to the knowledge of Lam and that service was therefore effective pursuant to Order 10 Rule 1(2)(a).

Affirmed at Messrs. Gall                    )
    302, Dina House, Ruttonjee Centre)
    11 Duddell Street, Central,          )
    Hong Kong                             )
on this 13th day of July 2011            )

Before me,

Solicitor, HKSAR

**Katherine Man Yee Harvey**
**Solicitor, Hong Kong SAR**
**Gall, Solicitors**

4

Affirmation

# UNITED STATES DISTRICT COURT

for the
District of Delaware

Starr Investments Cayman II, Inc.

           *Plaintiff*

           v.

China MediaExpress Holdings, Inc., Deloitte Touche
Tohmatsu, Zhng Cheng and Jacky Lam
*Defendant*

)
)
)
)
)
)
)
)

Civil Action No. 11-233 SLR

## AFFIRMATION OF DAVID JOHN HOARE

This is the exhibit marked "**DJH-1**" as referred to in the Affirmation of David John Hoare affirmed on the 13th day of July 2011.

| Description | Date | No. of Pages |
|---|---|---|
| Copy extract of the Rules of the High Court of the Hong Kong SAR | - | 3 |

Before me,

Solicitor, HKSAR

Katherine Man Yee Harvey
Solicitor, Hong Kong SAR
Gall, Solicitors

5

**Rules of the High Court of the Hong Kong SAR**

1. **General provisions** (O. 10, r. 1)

(1) A writ must be served personally on each defendant by the plaintiff or his agent.

(2) A writ for service on a defendant within the jurisdiction may, instead of being served personally on him, be served-

    (a) by sending a copy of the writ by registered post to the defendant at his usual or last known address, or

    (b) if there is a letter box for that address, by inserting through the letter box a copy of the writ enclosed in a sealed envelope addressed to the defendant. (L.N. 404 of 1991)

(3) Where a writ is served in accordance with paragraph (2)-

    (a) the date of service shall, unless the contrary is shown, be deemed to be the seventh day (ignoring Order 3, rule 2(5)) after the date on which the copy was sent to, or as the case may be, inserted through the letter box for, the address in question;

    (b) any affidavit proving due service of the writ must contain a statement to the effect that-

        (i) in the opinion of the deponent (or, if the deponent is the plaintiff's solicitor or an employee of that solicitor, in the opinion of the plaintiff) the copy of the writ, if sent to, or as the case may be, inserted through the letter box for, the address in question, will have come to the knowledge of the defendant within 7 days thereafter; and

        (ii) in the case of service by post, the copy of the writ has not been returned to the plaintiff through the post undelivered to the addressee.

(4) Where a defendant's solicitor indorses on the writ a statement that he accepts service of the writ on behalf of that defendant, the writ shall be deemed to have been duly served on that defendant and to have been so served on the date on which the indorsement was made.

(5) Subject to Order 12, rule 7, where a writ is not duly served on a defendant but he acknowledges service of it, the writ shall be deemed, unless the contrary is shown, to have been duly served on him and to have been so served on the date on which he acknowledges service.

(6) Every copy of a writ for service on a defendant shall be sealed with the seal of the High Court and shall be accompanied by a form of acknowledgment of service in Form No. 14 in Appendix A in which the title of the action and its number have been entered. (25 of 1998 s. 2)

(7) This rule shall have effect subject to the provisions of any Ordinance and these rules and in particular to any enactment which provides for the manner in which documents may be served on bodies corporate.

**Rules of the High Court of the Hong Kong SAR**

**1. When personal service required** (O. 65, r. 1)

(1) Any document which by virtue of these rules is required to be served on any person need not be served personally unless the document is one which by an express provision of these rules or by order of the Court is required to be so served.

(2) Paragraph (1) shall not affect the power of the Court under any provision of these rules to dispense with the requirement for personal service.

**2. Personal service: how effected** (O. 65, r. 2)

Personal service of a document is effected by leaving a copy of the document with the person to be served.

The Rules of High Court HKSAR

### 3. Service of writ (O. 81, r. 3)

(1) Where by virtue of rule 1 partners are sued in the name of a firm, the writ may, except in the case mentioned in paragraph (3), be served-

    (a) on any one or more of the partners, or

    (b) at the principal place of business of the partnership within the jurisdiction, on any person having at the time of service the control or management of the partnership business there, or

    (c) by sending a copy of the writ by registered post (in accordance with Order 10, rule 1(2)) to the firm at the principal place of business of the partnership within the jurisdiction; (L.N. 165 of 1992)

and, subject to paragraph (2), where service of the writ is effected in accordance with this paragraph, the writ shall be deemed to have been duly served on the firm, whether or not any member of the firm is out of the jurisdiction.

(2) Where a writ is served on a firm in accordance with paragraph (1)(c)-

    (a) the date of service shall, unless the contrary is shown, be deemed to be the seventh day (ignoring Order 3, rule 2(5)) after the date on which the copy was sent to the firm, and

    (b) any affidavit proving due service of the writ must contain a statement to the effect that-

        (i) in the opinion of the deponent (or, if the deponent is the plaintiff's solicitor or an employee of that solicitor, in the opinion of the plaintiff) the copy of the writ, if sent to the firm at the address in question, will have come to the knowledge of one of the persons mentioned in paragraph (1)(a) or (b) within 7 days thereafter, and

        (ii) the copy of the writ has not been returned to the plaintiff through the post undelivered to the addressee.

(3) Where a partnership has, to the knowledge of the plaintiff, been dissolved before an action against the firm is begun, the writ by which the action is begun must be served on every person within the jurisdiction sought to be made liable in the action.

(4) Every person on whom a writ is served under paragraph (1)(a) or (b) must at the time of service be given a written notice stating whether he is served as a partner or as a person having the control or management of the partnership business or both as a partner and as such a person; and any person on whom a writ is so served but to whom no such notice is given shall be deemed to be served as a partner.

Affirmation

# UNITED STATES DISTRICT COURT
for the
District of Delaware

Starr Investments Cayman II, Inc.

     *Plaintiff*      )
              )
              )
      v.        )   Civil Action No. 11-233 SLR
China MediaExpress Holdings, Inc., Deloitte Touche )
Tohmatsu, Zhng Cheng and Jacky Lam   )
      *Defendant*     )

## AFFIRMATION OF DAVID JOHN HOARE

This is the exhibit marked **"DJH-2"** as referred to in the Affirmation of David John Hoare affirmed on the 13th day of July 2011.

| Description | Date | No. of Pages |
|---|---|---|
| Paginated bundle of copy documents | Various | 10 |

Before me,

Solicitor, HKSAR

**Katherine Man Yee Harvey**
**Solicitor, Hong Kong SAR**
**Gall, Solicitors**

6

請沿虛線剪下並將有效的商業/分行登記證展示在營業地點。
Please cut along the dotted line and display the valid business/branch registration certificate at business address.

XXXXXXX
XXXX4XX

表格 2   FORM 2
《商業登記條例》（第 310 章）
BUSINESS REGISTRATION ORDINANCE (Chapter 310)
《商業登記規例》
BUSINESS REGISTRATION REGULATIONS
商業 / XXXX登記證   Business XXXXX Registration Certificate

[第 5 條]
[regulation 5]

複本
DUPLICATE

業務 / 法團所用名稱
Name of Business/
Corporation

德勤 • 關黃陳方會計師行
DELOITTE TOUCHE TOHMATSU

業務 / 分行名稱
Business/
Branch Name

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

地址
Address

SUITE 2002-03, 32 & 35-40/F
ONE PACIFIC PLACE
88 QUEENSWAY
HK

業務性質
Nature of Business

CERTIFIED PUBLIC ACCOUNTANTS

法律地位
Status

PARTNERSHIP

| 生效日期<br>Date of Commencement | 屆滿日期<br>Date of Expiry | 登記證號碼<br>Certificate No. | 登記費及徵費<br>Fee and Levy |
|---|---|---|---|
| 16/11/2010 | 15/11/2011 | 00708751-000-11-10-6 | $450<br>（登記費 FEE = $ 0)<br>（徵費 LEVY = $450) |

請注意下列《商業登記條例》的規定：

1. 第 6(6) 條規定任何業務獲發商業登記證或
   分行登記證，並不表示該業務或經營該業
   務的人或受僱於該業務的僱員已獲發有關
   的任何法律規定。

2. 第 12 條規定各業務須將其有效的商業登記
   證或有效的分行登記證於每一營業地點展
   示。

Please note the following requirements of the Business Registration Ordinance:

1. Section 6(6) provides that the issue of a business registration certificate or a branch registration certificate shall not be deemed to imply that the requirements of any law in relation to such business or to the persons carrying on the same or employed therein have been complied with.

2. Section 12 provides that valid business registration certificate or valid branch registration certificate shall be displayed at every address where business is carried on.

稅務局局長 (嘉惠忠 代行)
(CURREEM Habibullah)
for Commissioner of Inland Revenue

機印所示登記費及徵費收訖。  RECEIVED FEE AND LEVY HERE STATED IN PRINTED FIGURES.

241 of 12/6/11

25/10/2010 343000034 $450.00

IRDB101A (12/2010)

Deloitte China | Audit, Consulting, Financial Advisory, Tax                    Page 1 of 1

**Deloitte**

1002

Print this page | Close windo

## Deloitte Office Locator

To find an office address, phone or fax number select a location and city below.

Please select a
location                    China (People's Republic of China)

Please select a
city                        Hong Kong, SAR

### Asia Pacific Regional Office

35/F One Pacific Place
88 Queensway
Hong Kong, SAR China (People's Republic of China)

Phone number : +852 2852 1600
Fax number : +852 2541 1911

### Hong Kong SAR Office

35/F One Pacific Place
88 Queensway
Hong Kong, SAR China (People's Republic of China)

Phone number : 852-2852 1600
Fax number : 852-2541 1911

Legal    Privacy    Site map    Security

©2011 Deloitte Touche Tohmatsu in Hong Kong SAR, Deloitte
Touche Tohmatsu in Macau SAR, and Deloitte Touche Tohmatsu
Certified Public Accountants Ltd. in the Chinese Mainland. All rig
reserved.

Deloitte refers to one or more of Deloitte Touche Tohmatsu Limit
a UK private company limited by guarantee, and its network of
member firms, each of which is a legally separate and independe
entity. Please see www.deloitte.com/cn/about for a detailed
description of the legal structure of Deloitte Touche Tohmatsu
Limited and its member firms.

1003

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.   11-233 SLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Deloitte Touche Tohmatsu

was received by me on *(date)*   13th May 2011   .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* On 18th May 2011 I caused the Summons to be sent by registered post
to Deloitte Touche Tohmatsu at its principal place of business namely
35/F, One Pacific Place, 88 Queensway Hong Kong marked the attention of the
Managing Partner. A copy receiptsealed by Deloitte Touche Tohmatsu is attached
to this Proof of Service.
My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  24th May 2011                        _____
                                              *Server's signature*

                                          David John Hoare, Partner
                                          _____
                                          *Printed name and title*

                              Haldanes 7/F, Ruttonjee Centre, 11 Duddell Street
                              Central, Hong Kong *Server's address*

Additional information regarding attempted service, etc:

EC14

香港郵政  AVIS DE RECEPTION
回執通知書

CN 07
(GB 7)

On postal service
Service des postes
Stamp of the office returning the advice
Timbre du bureau renvoyant l'avis
回回本件郵局之郵戳

Office of posting
Bureau/de dépôt
投寄郵局名稱        WYN

Date
Date
日期   18/05/2011

HONG 香港 KONG
19-5 11
6
BPO

Addressee of the item
Destinataire de l'envoi
投寄郵件收件人        Deloitte Touche Tohmatsu
35/F One Pacific Place, 88 Queensway, HK

☑ Letter   Lettre   信件
☐ Printed paper   Imprimé   印刷品
☐ Parcel   Colis   包裹

Return to   退回給
Renvoyer à

☐ Registered   Recommandé   掛號
☑ Recorded delivery   Livraison attestée   配送證明
☐ Insured value   Valeur déclarée   保價金額

Name 姓名/團號名稱
Nom ou raison sociale        Haldanes

Item No.:
N° de l'envoi
郵件編號   RR163779687HR

Amount   金額
Montant

Street and No.   街道名稱及門牌號碼
Rue et n°        9/F Kailey Court Centre
11 Duddell Street

To be completed at the point of destination   於目的地填寫
A compléter à destination

Central, Hong Kong

This item mentioned above has been duly  此信件業已
L'envoi mentionné ci-dessus a été dûment

delivered   派送
remis

☐ Place and country   地區及國家
Localité et pays

Date and signature   日期及簽署
Date et signature

DTH

* This advice may be signed by the addressee or, if the regulations of the country of destination so
provide, by another authorized person or by the official of the office of destination.
* Cet avis pourra être signé par le destinataire ou, si les règlements du pays de destination le prévoient,
par une autre personne autorisée ou par l'agent du bureau de destination.
本件可由收件人, 或按照寄達國規例授權標的另一人士或寄達局的官員簽署。

Pos.7 (GB7)

iUU5

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.   11-233 SLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   DELOITTE TOUCHE TOHMATSU

was received by me on *(date)*   23 MAY 2011

                          PETER FUNG, PARTNER OF DELOITTE TOUCHE TOHMATSU

☑ I personally served the summons on ~~the individual~~ at *(place)*   35TH FLOOR, ONE PACIFIC PLACE,
88 QUEENSWAY, HONG KONG                on *(date)*   24 MAY 2011  ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

                        , a person of suitable age and discretion who resides there,

on *(date)*            , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*            , who is

designated by law to accept service of process on behalf of *(name of organization)*

                        on *(date)*        ; or

☐ I returned the summons unexecuted because            ; or

☐ Other *(specify)*:


My fees are $        for travel and $        for services, for a total of $    0.00


I declare under penalty of perjury that this information is true.


Date:  24 MAY 2011                              

                                        *Server's signature*

                       CHEUK HOI CHEUNG DEREK, ASSOCIATE

                                  *Printed name and title*

                       HALDANES, SOLICITORS AND NOTARIES
                       7TH FLOOR, RUTTONJEE HOUSE
                       11 DUDDELL STREET, CENTRAL, HONG KONG

                                  *Server's address*


Additional information regarding attempted service, etc:

1006

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.   11-233 SLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   LAM WAI KEI , JACKY

was received by me on *(date)*   MAY 16TH, 2011 .

☑ I personally served the summons on the individual at *(place)*  BLOCK 3 , FLAT B , 39TH FLOOR ,
ISLAND HARBOURVIEW . OLYMPIAN CITY , PHASE 1 .
11 HOI FAI ROAD , TAI KOK TSUI KLN HK    on *(date)*   MAY 18th 2011 ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.


Date:  MAY 30th, 2011                    _____
                                                            *Server's signature*

                                         RONALD ESPIRITUSANTO RIVERA
                                         _____
                                                        *Printed name and title*
                                         SURVEILLANCE OPERATIONS MANAGER
                                         I-ONASIA LIMITED . SUITE 1603-05 , 16/F
                                         LEVER TECH CENTRE , 69-71 , KING YIP STREET
                                         KWUN TONG , KOWLOON , HONG KONG
                                         _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

1007

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.   11-233 SLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* ___Lam Wai Kei, Jacky___

was received by me on *(date)* ___May 16th, 2011___ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify):* A SECOND COPY OF SUMMONS WAS SENT VIA REGISTER
MAIL ON MAY 18th 2011 TO THE RESIDENTIAL ADDRESS :- BLK 3, FLAT
39th FLOOR, ISLAND HARBOURING, OLYMPIAN CITY, PHASE 1, 11 HOI FAI
TAI KOK TSUI, KLN, HONGKONG. (A DELIVERY CARD IS ATTACHED).

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: ___May 3rd, 2011___

_____
*Server's signature*

Ronald Espiritusanto Rivera
Surveillance Operations Manager
*Printed name and title*

I-OPASIA LIMITED, SUITE 1603-05, 16/F,
LEVERTECH CENTRE, 69-71, KING YIP ST,
KWUN TONG, KOWLOON, HONG KONG.
*Server's address*

Additional information regarding attempted service, etc:

1008

*Hongkong Post*
香港郵政
Linking people. Delivering business
待心傳 客喜意

R HONG KONG
RB 539 788 168 HK

本地掛號郵件
Local Registered Packet

總類
Item

收件人姓名及地址
NAME AND ADDRESS OF ADDRESSEE

LAW WAI KEI JACKY

BLOCK 3, FLAT B, 39th FLOOR

ISLAND HARBOURVIEW, PHASE 1

TAI KOK TSUI, KOWLOON.

HONG KONG

投遞通知書
AR Service

投寄總額 (包括掛號費及回單通知書費用(如適用))
Total Postage (including Registered & AR fee (if applicable)) HK$ 840

香港郵政專用
For HongKong Post Use

郵務人員簽署
Signature of accepting officer

CERTIFICATE OF POSTING

---

*Hongkong Post*
香港郵政
Linking people. Delivering business
待心傳 客喜意

購買郵票及郵用物品證明書
**CERTIFICATE OF PURCHASE**
**POSTAGE STAMPS AND POSTAL ITEMS**

☑ 郵票／集郵紀念品
Postage stamps/Philatelic products

☐ 文具
Stationery items

☐ 郵趣廊精品
Postshop souvenirs

總額
Total Amount


港幣
HK$ 840

日戳
Datestamp



注意事項
(1) 本證明書只按顧客的要求而發出。有關要求必須在購買有關物品時提出。由於本署不會把有關購買物品資料作為記錄，因此顧客離開櫃位後才提出要求，本署將不會受理。
(2) 倘若顧客在購買物品時已獲本署發出收據，本證將不會發出此證明書。

**Attention**
(1) This certificate is issued only at the time of the transaction upon request by customers. As we do not keep record, we shall not be able to entertain any request made after a customer has left the counter.
(2) If we have already given a receipt for your purchase, this certificate will not be issued.

Pos 250 (3/2005)



*Hongkong* Post
香港郵政

1009

來函檔號 Your ref.:
本署檔號 Our ref.:   11146858E
電話 Tel:   2921 2211
傳真 Fax:   2543 0469

香港堅尼地城 石山街十二號
堅尼地城社區綜合大樓十二樓
香港郵政郵件查詢組
網址：www.hongkongpost.com

Hongkong Post Mail Tracing Office
12/F, Kennedy Town Community Complex
12 Rock Hill Street
Kennedy Town, Hong Kong
website: www.hongkongpost.com

26 May 2011

MS WONG

Dear Ms Wong,

Registered item no.   :   RB539788168HK
Posted on   :   18 May 2011
Addressed to   :   LAM WAI KEI JACKY
                         KOWLOON

We refer to your enquiry regarding the above item.

Our investigation revealed that the item was delivered as addressed on 19 May 2011.   Enclosed please find the copy of receipt for your reference.

If you have any question regarding tracing mail in the future, please feel free to contact us at 2921 2211.

Yours sincerely,

(Miss Maggie WONG)
Assistant Manager (Mail Tracing Office)

L&P-Local 4 (Eng) (06/08)

2011/05/26 16:30:18

Page:2/2



'010

### The copy of receipt of RB539788168HK



# FedEx® Express

## International Air Waybill

FedEx Tracking Number  8742 7807 6067  Form ID No.  0402

**1  From**

Date

Sender's FedEx Account Number

Sender's Name

Phone

Company

Address

Address

City

State Province

ZIP Postal Code

Country

**2  To**

Recipient's Name

Phone

Company

Address

Address

Dept/Floor

City

State Province

ZIP Postal Code

Country

**3  Shipment Information**

Total Packages

Total Weight

lbs  kg

DIM  in  cm

| Commodity Description | Harmonized Code | Country of Manufacture | Value for Customs |
|---|---|---|---|

Recipient's Tax ID Number for Customs Purposes

Total Declared Value for Carriage

Total Value for Customs

**4  Express Package Service**

- 1 ☐ FedEx Int'l Priority
- 6 ☐ FedEx Int'l First
- 3 ☐ FedEx Int'l Economy

**5  Packaging**

- 6 ☐ FedEx Envelope
- 1 ☐ Other
- 2 ☐ FedEx Pak
- 3 ☐ FedEx 10kg Box*
- 4 ☐ FedEx Box
- ☐ FedEx 25kg Box*
- ☐ FedEx Tube

**6  Special Handling**

☐ HOLD at FedEx Location  3 ☐  ☐ SATURDAY Delivery

**7  Payment**
Bill transportation charges to:

- 1 ☐ Sender  2 ☐ Recipient 3 ☐  4 ☐ Credit Card  ☐ Cash/Cheque
- 1 ☐  2 ☐  3 ☐ Third Party

Bill duties and taxes to:

- 1 ☐ Sender  2 ☐ Recipient 3 ☐  4 ☐ Credit Card  ☐ Cash/Cheque
- 1 ☐  2 ☐  3 ☐ Third Party

**8  Your Internal Billing Reference**

**9  Required Signature**

Sender's Signature

Recipient's Signature

FedEx Tracking Number  8742 7807 6067  0402

Origin Station ID

Country Code/Destination Station ID

URSA Routing