IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STARR INVESTMENTS CAYMAN II INC., | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil Action No. 11-233-RGA<br>: |
| CHINA MEDIAEXPRESS HOLDINGS INC., et al., | :<br>:<br>: |
| Defendants. | : |

**MEMORANDUM ORDER**

Plaintiff filed a securities complaint on March 18, 2011. (D.I. 1). After some defendants filed motions to dismiss, Plaintiff filed an Amended Complaint. (D.I. 25). All defendants responded with motions to dismiss (D.I. 61 [Bird and Green], 64 [DTT], 69 [Lam], 72 [Cheng, CME], 80 [Bright Elite, Thousand Space], 86 [Robbins], 95 [Lin and Lin]). Lengthy briefing followed, with the last brief being filed October 12, 2012. (D.I. 153). The Court held oral argument on November 16, 2012. Plaintiff filed a proposed second amended complaint on December 7, 2012. (D.I. 158). Plaintiff filed a revised proposed second amended complaint (hereinafter, the "third amended complaint") on March 11, 2012. (D.I. 174). Plaintiff filed a further revised proposed second amended complaint (hereinafter, the "fourth amended complaint") on July 24, 2013.[1] (D.I. 199). Meanwhile, various defendants and the plaintiff have been filing notices of supplemental authority and letters arguing the impact of such supplemental authority. (D.I. 154, 156, 157, 160, 161, 162, 166, 169, 172, 191, 192, 193, 194). Most, if not

---

[1] The fourth amended complaint followed the SEC's complaint of June 20, 2013. (D.I. 199-1).

all of the supplemental authority concerns various "failure to state a claim" arguments, submitted on behalf of defendants DTT, Bird, and Green. Other defendants – the Lins, Bright Elite, Thousand Space – have asked for "a full opportunity" to respond the new complaint(s). (D.I. 159). Meanwhile, counsel have been permitted to withdraw from representation of some defendants (CME and Cheng, *see* D.I. 184; Lam, *see* D.I. 152), with no replacement counsel in sight. Thus, Plaintiff has moved for a default judgment against CME. (D.I. 197). The Court is not going to rule on the motion for a default judgment until it rules on the viability of the complaint.

It would not be very efficient to rule on the pending motions to dismiss the amended complaint, since Plaintiff has proposed a second, third, and fourth amended complaint, and there has been, understandably, at least one request to be allowed to address the amended complaints. Thus, in light of the above, this 20th day of August 2013, IT IS HEREBY ORDERED that:

1. The Plaintiff is given leave to file its fourth amended complaint. It shall do so by 5 p.m. on August 27, 2013. Plaintiff will not be given leave to file any more amended complaints.

2. All pending motions to dismiss (D.I. 61, 64, 69, 72, 80, 86, 95) are **DISMISSED WITHOUT PREJUDICE** to any of the arguments contained therein. Defendants and the Plaintiff shall agree to a new timetable to file motions, and complete briefing thereon, which briefing should be complete by no more than nine weeks from the date of this order, and should not exceed the page limits set in connection with the earlier briefing.

3. Once the briefing is complete pursuant to ¶2 of this Order, no party shall file any supplemental authority other than by a one-page letter that provides the citation to the authority and the page reference(s) to the brief(s) to which it is relevant, and no argument or other explanation. There shall be no response to such a letter.

4. Any declarations or appendices previously filed before November 1, 2012, and relied upon in the new briefing, shall be re-filed.

5. The Court will defer ruling on D.I. 197 until after resolution of the new motions to dismiss.

_____
United States District Judge