**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| STARR INVESTMENTS CAYMAN II, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHINA MEDIAEXPRESS HOLDINGS, INC., DELOITTE TOUCHE TOHMATSU, ZHENG CHENG, JACKY LAM, OU WEN LIN, QINGPING LIN, THOUSAND SPACE HOLDINGS LIMITED, BRIGHT ELITE MANAGEMENT LIMITED, THEODORE GREEN, MALCOLM BIRD, A.J. ROBBINS, P.C., <br><br> Defendants. | C.A. No. 11-233-RGA |

**MOTION FOR ENTRY OF DEFAULT
AGAINST OU WEN LIN AND QINGPING LIN**

Pursuant to Fed. R. Civ. P. 55(a) and Local Rule 77.2(4), Plaintiff Starr Investments Cayman II, Inc. ("Starr") respectfully requests that the Clerk enter default against Defendants Ou Wen Lin and Qingping Lin ("Individual Lin Defendants"). In support of its motion, Starr states as follows:

1. On March 18, 2011, Starr filed its Complaint. (D.I. 1.)

2. On June 13, 2011, certain defendants moved to dismiss the Complaint. (D.I. 18.)

3. On July 5, 2011, Starr filed an Amended Complaint. (D.I. 25.)

4. On November 21, 2011, the Individual Lin Defendants moved to dismiss the Amended Complaint. (D.I. 95.)

5. On May 1, 2012, Starr filed its opposition to the Individual Lin Defendants' motion to dismiss. (D.I. 125.)

6.   On August 21, 2012, the Individual Lin Defendants filed their reply in further support of their motion to dismiss.  (D.I. 141.)

7.   On November 16, 2012, the Court heard oral argument on Defendants' motions to dismiss Starr's Amended Complaint.

8.   On August 27, 2013, Starr filed a Second Amended Complaint (the "Complaint"). (D.I. 207.)  Starr asserted three counts against the Individual Lin Defendants: violation of Section 10(b) of the Exchange Act and Rule 10b-5 (Count I), violation of Section 20(a) of the Exchange Act (Count II), and conspiracy to commit fraud (Count VII).

9.   On September 17, 2013, the Individual Lin Defendants filed their motions to dismiss the Complaint.  (D.I. 221.)

10.   On October 14, 2013, Starr filed its answering brief.  (D.I. 233.)

11.   On October 28, 2013, the Individual Lin Defendants filed their reply brief.  (D.I. 240.)

12.   On August 21, 2014, the Court granted the Individual Lin Defendants' motion to dismiss Count I (violation of Section 10(b) of the Exchange Act and Rule 10b-5) as to them; and denied the Individual Lin Defendants' motion to dismiss Count II (violation of Section 20(a) of the Exchange Act) and Count VII (conspiracy to commit fraud) as to them.   (D.I. 266.)

13.   On March 6, 2017, counsel for the Individual Lin Defendants moved to withdraw. (D.I. 340.)

14.   On April 7, 2017, the Court entered an Order granting the Individual Lin Defendants motion to withdraw.  (D.I. 343.)   The Court ordered that "[w]ithin 30 days of the date this Motion is granted, the Individual Lin Defendants shall obtain new counsel or appear *pro se* before this Court."  (*Id.* ¶ 4.)

15. More than 30 days have passed, and the Individual Lin Defendants have not appeared *pro se* and no replacement counsel for the Individual Lin Defendants has filed a Notice of Appearance. Therefore, pursuant to the Court's April 7, 2017 Order, the Individual Lin Defendants are in default of their obligations to this Court.

16. By letter dated May 15, 2018, Starr requested permission to file a Motion for Clerk's Entry of Default against the Individual Lin Defendants by May 15, 2018. (D.I. 349.)

17. By Oral Order dated May 2, 2018, the Court granted Starr's requestand authorized Starr to move for Clerk's Entry of Default against the Individual Lin Defendants.

18. Federal Rule of Civil Procedure 55(a) requires the Clerk to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." By failing to appear in contravention of this Court's April 7, 2017 Order, Ou Wen Lin and Qingping Lin have failed to defend themselves in these proceedings. Fed. R. Civ. P. 55(a).

For the reasons set forth above, Starr requests that the Clerk enter a default against defendants Ou Wen Lin and Qingping Lin.

|  |  |
|---|---|
| | FRIEDLANDER & GORRIS, P.A. |
| OF COUNSEL: | */s/ Joel Friedlander*<br>Joel Friedlander (Bar No. 3163)<br>Christopher M. Foulds (Bar. No. 5169) |
| Nicholas A. Gravante, Jr.<br>Marilyn C. Kunstler<br>BOIES, SCHILLER & FLEXNER LLP<br>575 Lexington Avenue, 7th Floor<br>New York, NY 10022<br>(212) 446-2300 | 1201 N. Market Street, Suite 2200<br>Wilmington, DE 19801<br>(302) 573-3500<br><br>*Counsel for Plaintiff Starr Investments Cayman II, Inc.* |

Dated: May 10, 2018

{FG-W0437888.}