IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STARR INVESTMENTS CAYMAN II, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHINA MEDIAEXPRESS HOLDINGS, INC., DELOITTE TOUCHE TOHMATSU, TOM KWOK, ZHENG CHENG, JACKY LAM, OU WEN LIN, QINGPING LIN, THOUSAND SPACE HOLDINGS LIMITED, BRIGHT ELITE MANAGEMENT LIMITED, THEODORE GREEN, MALCOLM BIRD, A.J. ROBBINS, P.C.,<br><br>Defendants. | C.A. No. 11-233-RGA |

## DEFAULT JUDGMENT AS TO LIABILITY
## AGAINST OU WEN LIN AND QINGPING LIN

Based on Plaintiff Starr Investments Cayman II, Inc.'s ("Starr") Motion for Entry of Default Judgment Against Ou Wen Lin and Qingping Lin (the "Individual Lin Defendants") (D.I. 253), default judgment is entered on Starr's claims in its Second Amended Complaint (D.I. 207) against the Individual Lin Defendants pursuant to Fed. R. Civ. P. 55.

IT IS HEREBY ORDERED this _23_ day of _May_, 2018, that all of the factual allegations against the Individual Lin Defendants in Starr's Second Amended Complaint (D.I. 207) shall be accepted as true and the Individual Lin Defendants are liable as to the following causes of action in Starr's Second Amended Complaint:

- SECOND CAUSE OF ACTION: Violation of Section 20(a) of the Exchange Act;
- SEVENTH CAUSE OF ACTION: Conspiracy to Commit Fraud.

IT IS FURTHER ORDERED that Starr has judgment against Individual Lin Defendants in an amount to be determined by the Court at trial, hearing, or some later date with pre- and

{FG-W0438185.}

post-judgment interest ~~at the highest rate~~ as permitted by federal law, plus costs and disbursements of this action in an amount to be determined by the Court at a later date. 1/

*[signature]*
U.S. District Judge

---

1/. The Lin Defendants filed a motion to reconsider (D.I. 274), which I now DENY. The motion merely repackages arguments previously made.

A motion to reconsider an order may be granted if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued the ruling; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The standard that a movant "must meet to prevail on a motion for reconsideration is high." *Zokaites Properties LP v. La Mesa Racing, LLC*, 2011 WL 2293283, at *1 (W.D. Pa. June 9, 2011).

"A party's mere disagreement with the Court does not translate into the type of clear error of law which justifies reconsideration of a ruling." *Zokaites*, 2011 WL 2293283, at *1. Moreover, reargument and reconsideration requests ARE NOT an opportunity for "endless debate between the parties and the Court." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument should not be granted where it would merely "allow wasteful repetition of arguments already briefed, considered, and decided." *Id.* (citing *Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y. 1989)).